

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED

AUG - 9 2019

Clerk, U.S. District Court
Texas Eastern

6:19-CV-365
JCB

CITY OF CANTON, TEXAS,

Plaintiff,

vs.

NEW BEGINNINGS FELLOWSHIP
CHURCH OF HOUSTON, TEXAS, and
BARNEY JOE DONALSON, JR.,
individually and d/b/a as COVENANT
COMMUNITY OF NEW BEGINNINGS
FELLOWSHIP/CANTON,

Defendants.

---

## NOTICE OF REMOVAL

---

Defendants NEW BEGINNINGS FELLOWSHIP CHURCH OF HOUSTON, TEXAS,

and BARNEY JOE DONALSON, JR., individually, and COVENANT COMMUNITY OF

NEW BEGINNINGS FELLOWSHIP/CANTON,[1] a nonprofit unincorporated religious

association consisting of 14 individuals residing in Van Zandt County, Texas, file this notice of

removal, and will respectfully show the Court the following:

### JURISDICTION

This court has federal question jurisdiction under 28 U.S.C. Sect. 1331 in that the claims

and/or defenses present federal issues arising under the Constitution of the United States.

---

1.      This removal is filed by Joe Donalson, who was sued by Canton in both his individual capacity, and as an agent for the church. New Beginnings Fellowship Church and Covenant Community of New Beginnings Fellowship – Canton are represented by legal counsel, Joe Izen. Per Mr. Izen, his clients join in this notice of removal. Given that this case involves the same parties, facts, and constitutional issues that are currently before the Court, Mr. Izen also requests consolidation of this case with New Beginnings Houston v. Canton, Civil Action 6:19:cv-177.

## STATEMENT OF THE CASE

After Hurricane Harvey devastated the City of Houston, leaving thousands sleeping in tents, cardboard boxes, and under freeway bridges, Defendant New Beginnings Fellowship Church purchased a former nursing home in Canton, Texas, for use as an emergency shelter. While the facility had issues, board members and church parishioners determined that with the funding available for relocation of hurricane victims, as well as the large pool of volunteers willing to help, the facility could be made habitable in a relatively short time.

Canton, however, apparently had a bad experience years earlier when they took in refugees from Hurricane Rita. They did not want any homeless individuals being relocated from Houston. Additionally, the city had plans for future residential development of the property, having condemned and ordered the facility demolished. Records of this earlier condemnation were not published on the city website, and were not disclosed to New Beginnings until over a year after they purchased the property.

City officials contend that the church's proposed use of the property as a shelter violates its zoning laws. The zoning laws, however, provide that use as a church or other house of worship is a "use of right." New Beginnings takes the position that feeding, clothing, and sheltering homeless individuals is a form of religious worship Biblically mandated by Matthew 25:35-46. Canton contends their zoning was not intended to allow the operation of homeless shelters within church facilities.

To block the impending arrival of hurricane refugees, Canton had a contracted individual of questionable integrity (not licensed as a building inspector, termination/resignation from

employment with another municipality for soliciting bribes) perform an inspection of the electrical system. Despite having safely operated for over 45 years, the inspector concluded the building was not correctly wired when built, therefore it was not safe and could not be grandfathered, and thus would have to be completely rewired. City officials contacted the electric utility to disconnect power, causing the building's air condition, fire alarm, exit signs, and lights to become nonoperational. With necessary ventilation shut off, the air within the building became stagnant. This precipitated extensive microbial mold growth.

New Beginnings members and volunteers have repeatedly gone to city hall requesting permits and help from the city to alleviate the conditions. City officials have been very hostile, refusing to accept payment for permits and, on one occasion, tearing up a permit in the face of Defendant Donalson. Neighbors have also been hostile; threats are shouted from passing vehicles, the property has been repeatedly burglarized -- theft of tools and generators, spray painted devil worship graffiti in the church sanctuary, including a threat: "Go home...or else!" On at least two occasions, somebody attempted to cause the building to explode by turning on natural gas. For the safety of volunteers, the ministry had no choice but to have the utility disconnect gas service to the building.

Despite these obstacles, volunteers have done their best to find alternative means of obtaining power and ventilating the building. Work has progresses at a slow but steady pace. Although Canton had knowledge of work being done, they allowed over a year to pass before taking further action. With the use of probable cause affidavit signed by a fire captain who later admitted he had no personal knowledge of the facts he swore to, they broke into the church facility and allowed employees of a private company to wander throughout the facility

unaccompanied. Rather than making an official determinations, Canton conferred upon the private company the authority to determine what constituted code violations.

The city of Canton is aware that New Beginnings is a volunteer group that depends on donations to fund its operations. Knowing that New Beginnings have very limited resources, City Officials have attempted to stop the project by making it as costly as possible. Rather than accepting the results of a limited asbestos survey that tested only items being disturbed, Canton insisted that New Beginnings pay for a full asbestos survey – the type that is usually required when a building is being demolished. Also, despite the fact that no major structural changes are contemplated, Canton also refused to accept hand written/drawn plans from volunteers showing what work they intend to do. To further increase costs, Canton demanded that New Beginnings pay over $20,000 to a licensed architect to draw new wet sealed blueprints for the building.

It should be noted that for centuries it has been a common practice for church members, not licensed contractors, to construct their houses of worship as they saw fit. It should also be noted that it is well-established that Amish individuals, because of their religious beliefs and the fact that they construct their buildings without modern conveniences, are routinely granted waivers from building codes – including electrical, HVAC, and fire safety requirements. Finally, it should be noted that the Salvation Army, a church that has been in existence for almost 200 years, routinely uses the labor of its our church members (not licensed professionals) to construct facilities that are put into service feeding and housing the homeless.

In Houston – where for over a decade New Beginnings has worked on, occupied, and

improved abandoned structures in far worse condition than the Canton facility – some city officials questioned the legality of non licensed church members performing unpermitted work. In 2009, New Beginnings requested, and was granted by the Mayor of Houston, an accommodation under the *Texas Religious Freedom Restoration Act*. All planning reviews and permit fees were waived, with the condition that once work was complete city officials would conduct a Life Safety Inspection, with any life threatening conditions corrected. This accommodation was granted in accordance with laws requiring governmental officials have a compelling governmental interest before trampling on religious freedoms, and then use the least restrictive means to forward the compelling interest. The compelling governmental interest was safety; the Life Safety inspection adequately satisfied that interest. Although New Beginnings asked for the same accommodation from Canton, it was denied. Here, it is clear that Canton's motive is not safety. Their end goal is to make this project as expensive as possible so that New Beginnings walks away, then they can proceed with demolishing the building and developing the property into a residential subdivision. Indeed, New Beginnings is not the first nonprofit to try to put the building to good use. The last two owners of the property were also denied permits, along with being threatened and harassed by the city to a point where they simply accepted a loss and walked away.

## FACTS ON WHICH REMOVAL IS BASED

New Beginnings was left with no choice but to file a lawsuit against the city of Canton. Because New Beginnings was **pro se** and without funds to hire counsel, city officials tried to play the court system by removal to federal court and then seeking dismissal because a church cannot proceed **pro se** in federal court. In Case No. 6:19-cv-177, New Beginnings was forced

to retain counsel and was able to survive dismissal with a new counsel filed amended complaint raising illegal search and seizure, due process, violation of grandfather rights, unconstitutionality of the city building code, and denial of religious free exercise. Counsel is currently preparing a motion for a preliminary injunction. The City of Canton, rather than file counter claims in this pending case, and/or request injunctive relief from this Court, decided to return to state court and file a new lawsuit involving the same facts and issues. **Cause No. 19-00185, City of Canton, Texas vs. New Beginnings Fellowship Church, et al.** In this new state case, they seek relief that would negate or nullify the express relief New Beginnings counsel is currently seeking from this federal court. The undersigned believes this new lawsuit is an abuse of the legal process, and that Canton filed it for the purpose of finding a more favorable forum and increasing the fees that New Beginnings must pay counsel to mount a defense.

## MOTION TO CONSOLIDATE OR DISMISSAL

For the above reasons, New Beginnings removes this new lawsuit to federal court and claims that the new lawsuit is improper splitting of the case. The rule against splitting causes of action requires litigants to bring all their claims arising out of the same transactional nucleus of facts in the same civil action. It is an equitable rule and a subsidiary of the doctrine of res judicata. Like res judicata, the rule against splitting causes of action rests upon the principles that cases should not be tried piecemeal and that litigation should end once the rights of the parties have been determined. An instructive case on the rule against splitting causes of action is *Coomer v. CSX Transportation*, 319 S.W.3d 366, 371, in which that court stated the rule against splitting causes of action "applies not only to the points upon which the court was

6

required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties , exercising reasonable diligence, might have brought forward at the time." Thus, the defendants moves for Canton's new lawsuit to either be consolidated with the case already pending, or dismissed as duplicitous.

## REMOVAL IS TIMELY

At this time, New Beginnings, Covenant Community, and Donalson have not been formally served with process, but rather were provided a courtesy copy of the pleadings via email on August 8, 2019. It should be noted that Canton did not provide a courtesy copy to counsel, even though Canton fully knows the defendants have retained counsel.

## ATTACHMENTS

Pursuant to Local Civil Rule 81.1, an index is submitted with the following state court documents.

1. Each document filed in the state court action.

## ORIGINAL ANSWER

At this time, Defendants assert a general denial of each and every material allegation made in the Plaintiff's pleadings, and demand strict proof thereof. Defendants plea that the City of Canton has refused to make a reasonable accommodation for their religious beliefs, violated their right to be free of unreasonable searches, denied them state constitutional protections against retroactive laws, and has attempted to enforce upon them an unconstitutional property maintenance code. Defendants reserve the right to amend and/or supplement this

answer/denial/plea once they have had opportunity to consult with counsel.

## JURY DEMAND

Defendants hereby assert their right to trial by jury.

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask that the above-referenced **Cause No. 19-00185, City of Canton, Texas vs. New Beginnings Fellowship Church, et al.,** now pending in the 249th Judicial District Court of Van Zandt County, Texas, be removed to this the United States District Court for the Eastern District of Texas, Tyler Division, and be consolidated with Case No. 6:19-cv-177.

Respectfully submitted,

Joe Donalson, Minister
New Beginnings Fellowship Church
P.O. Box 310841
Houston, TX 77231
(713) 928-0062
newbeginningshouston@live.com

## CERTIFICATE OF SERVICE

On August 9, 2019, I personally submitted the foregoing Notice of Removal to the Clerk of the United States District Court, Eastern District of Texas, Tyler Division. I hereby certify that I have served all counsel a copy of the foregoing Notice of Removal electronically, or via

U.S. Mail as authorized by the Federal Rules of Civil Procedure.

Joe Donalson